UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20674-CR-GAYLES(s)

UNITED STATES OF AMERICA

v.

FRANK ALVAREZ,

        Defendant.
_____/

**PLEA AGREEMENT**

The United States of America and Frank Alvarez (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment. Count 1 charges him with conspiracy to deliver misbranded and adulterated drugs in violation of Title 21, United States Code, Sections 331 and 333, all in violation of Title 18, United States Code, Section 371. Count 2 charges him with conspiracy to knowingly falsify or alter documentation of medical products and to possess or traffic in medical products with false documentation or labeling, in violation of Title 18, United States Code, Section 670(a)(6).

2. The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant understands that the court will determine his advisory sentence

range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court's Probation Office after his guilty plea has been entered. The defendant further understands that the court is required to consider the Sentencing Guidelines advisory range, but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that, the defendant may not withdraw his plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 5 years for each count, which may be consecutive, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 for each Count.

5. The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed. The defendant agrees that the special assessment shall be paid at the time of sentencing.

6. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background. Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant jointly agree to recommend that the defendant be held accountable for offense conduct involving falsely documented medical products (prescription pharmaceuticals) of a value of more than $9.5 million but less than $25 million, for the purpose of sentencing guidelines computations under Sections 2B1.1(b)(1)(K).

8. The United States agrees to recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's affirmative and timely acceptance of personal responsibility for his offense. If the defendant's guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b).  The United States further agrees to recommend that the court impose a sentence no higher than the low end of the guideline range, as that range is determined by the court.  However, the United States will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

9. The defendant reserves the right to argue for a sentence below the applicable guideline range, based on factors encompassed within Title 18, United States Code, Section 3553.

10. The defendant agrees to forfeit to the United States all of his right, title, and interest in the proceeds derived from sales of diverted pharmaceuticals.  He agrees that said property

constitutes or is derived from proceeds, which he obtained, directly or indirectly, as a result of the violations to which he is pleading guilty, or was used to facilitate the commission of those offenses. The defendant agrees to waive any and all claims to the property or defenses to the forfeiture, whether substantive or procedural, as of the date of the seizure, and to sign any documents needed to effectuate the forfeiture of his interests and to transfer the same to the United States.  The defendant further agrees to the entry of a money judgment for the value of such proceeds, if no property is available for forfeiture.

11.     The defendant agrees to cooperate fully with the United States in the investigation and prosecution of criminal offenses about which he has or may obtain knowledge, by:

(a) providing complete and truthful information in interviews and meetings, and producing any documents, records, or other evidence he has access to, whenever called upon;

(b) providing truthful, complete, and accurate testimony in trial, before a grand jury, or at any other court proceeding, whenever called upon to do so.

12.     The government will evaluate the nature and extent of the defendant's cooperation, and any results therefrom, and make such information known to the court at the time of sentencing, or at any later time that may be appropriate. If in the sole and unreviewable judgement of the United States Attorney's Office for the Southern District of Florida the defendant's cooperation is significant enough to constitute substantial assistance in the investigation or prosecution of another offender, the United States will file a motion pursuant to Sentencing Guidelines Section 5K1.1; Title 18, United States Code, Section 3553(e), or Rule of Criminal Procedure 35, seeking the imposition of a sentence that is below the applicable Sentencing Guidelines range, or seeking a reduction in a sentence previously imposed. The defendant acknowledges that the evaluation of

4

whether the defendant's cooperation merits the filing of such a motion is entirely within the discretion of this Office; that nothing in this agreement can be construed to require the United States to file such a motion, and that he will not seek to obtain a reduced sentence based upon any claim of cooperation with law enforcement in the absence of a motion by this Office.

13. The defendant acknowledges that the court is under no obligation to grant a motion by the United States to impose a sentence that is below the guideline range based upon his cooperation, and may deny the request. The defendant also understands that the extent of any sentence reduction he receives if the court does grant the motion is within the discretion of the court, and may be different from any recommendations made by the United States or the defendant.

14. The defendant understands that if he is not United States citizen, his conviction for this offense may result in his probable or mandatory removal or deportation from the United States at the expiration of his term of imprisonment. Removal and deportation proceedings are entirely separate matters from this case, and neither the court nor counsel for either party can be certain of the effect on the defendant's immigration status of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty even if this results in his automatic removal and exclusion from the United States.

15. The defendant is aware that his sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court. The defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding

on the court and the court may disregard the recommendation in its entirety. The defendant understands that he may not withdraw his guilty plea even if the court declines to accept any motions or recommendation made on his behalf.

16. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 5/20/20    By: [signature]
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

Date: 5\15\20    By: [signature]
JOAQUIN MENDEZ
ATTORNEY FOR DEFENDANT

Date: 5/15/20    By: [signature]
FRANK ALVAREZ
DEFENDANT