FILED BY KS D.C.

JUN 10 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20674-CR-GAYLES (s)(s)
18 U.S.C. § 371
18 U.S.C. § 670
18 U.S.C. § 1956(a)(1)(B)
18 U.S.C. § 1956(h)
18 U.S.C. § 1341
18 U.S.C. § 982(a)(1)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

STEPHEN MANUEL COSTA,
LEAH SOLOMON,
DAVID RAMIREZ GARCIA, SR.,
RUBEN REYNALDO RODRIGUEZ DIAZ,
RAFAEL ANGEL ROMERO, and
ANGEL CAMINERO ALVAREZ,

    Defendants.
_____/

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1. The distribution and sale of prescription drugs in the United States is subject to regulation under the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 331 et. seq. The purpose of the law is to ensure that patients taking prescription drugs receive safe, effective, and properly labelled medicine.

2. Accordingly, federal law, including Title 21, United States Code, Section 360eee-1, generally requires that prescription drugs sold in the United States be accompanied by

transaction information and history, beginning with the manufacturer, and covering each subsequent seller, identifying, among other things, the product, the quantity, the lot number, strength and dosage, the date of each sale, and the parties to each transaction. Such transaction information and histories are referred to as "pedigrees."

3. The introduction or delivery for introduction into interstate commerce of any drug that is adulterated or misbranded; the receipt in interstate commerce of any drug that is adulterated or misbranded and subsequent delivery of such drug is a violation of federal law, Title 21, United States Code, Sections 331(a) and (c).

4. A drug is misbranded if its labeling is false or misleading, pursuant to Title 21, United States Code, Section 352(a)(1). "Labeling" includes written, printed, or graphic matter that is attached to or that accompanies the drug, or that is part of an integrated distribution system and that supplements, explains, or provides substantial information about the product.

5. A drug is adulterated if any substance has been substituted in whole or in part for the drug, pursuant to Title 21, United States Code, Section 351(d).

6. The acceptance of ownership by a wholesale distributor of prescription drugs without transaction information and history (pedigree), and the failure to provide a transaction statement, information and history to a subsequent purchaser of a prescription drug, is a violation of federal law, Title 21, United States Code, Sections 331(t) and 360eee-1 and 360eee-3.

### COUNT 1
**Conspiracy to Deliver Misbranded and Adulterated Drugs**
18 U.S.C. § 371

Paragraphs 1 through 6 of the General Allegations section of this Second Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

From an unknown date at least as early as in or around January 2013, and continuing until

on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### STEPHEN MANUEL COSTA,

agreed, conspired, and combined with Joshua Ryan Joles, Mohammad Mehdi Salemi, Frank Alvarez, Kadir Diaz, Jorge Isaac Paiz, Carlos Robin Gonzalez, and with others known and unknown to the Grand Jury to commit offenses against the United States. That is, the defendants conspired, with intent to defraud,

(a) to introduce and deliver for introduction into interstate commerce adulterated and misbranded drugs, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

(b) to receive in interstate commerce and deliver adulterated and misbranded drugs, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(2), and

(c) to provide and to accept ownership of prescription drugs as wholesale distributors without providing or obtaining transaction histories and information as required by Title 21, United Sates Code, Section 360eee-1(c)(1)(A)(i) and (ii), in violation of Title 21, United States Code, Sections 331(t) and 333(a)(2).

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects of the conspiracy included, the following: (1) acquiring and establishing licensed pharmaceutical wholesale companies for the purpose of carrying out the conspiracy; (2) buying expensive prescription medications, made to treat illnesses such as psychiatric disorders, cancer, and HIV infections, from sources who had obtained them from theft and burglary and from health care fraud, including buying them from patients who had received them at greatly reduced prices through Medicare and Medicaid; (3) altering the labeling and preparing false and fraudulent

pedigrees for prescription drugs in order to make them appear to have been sent to the conspirators through the legitimate means of commerce directly from the manufacturers or other established licensed wholesalers, and (4) introducing them back into interstate commerce by selling them to pharmacies. Medicines obtained in this manner are known as "diverted pharmaceuticals" or "diverted drugs." The medicines ultimately were sold by retailers to unsuspecting patients.

## OVERT ACTS

In furtherance of the conspiracy, and to achieve its objectives, at least one member of the conspiracy committed at least one of the following overt acts, in the Southern District of Florida:

1. On or about April 19, 2013, defendant **Stephen Manuel Costa** presented a proposal to purchase Wholesalers Group, Inc. to the company's owner in Bayamon, Puerto Rico.

2. On or about June 23, 2013, defendant **Stephen Manuel Costa** chartered a flight on Trim Air to be used to transport diverted drugs from Florida to South Carolina.

3. On or about August 27, 2013, defendant **Stephen Manuel Costa** provided $250,000 to Jorge Paiz to finance the purchase of Drogueria Las Rosas in Puerto Rico.

4. On or about September 24, 2013, defendant **Stephen Manuel Costa** issued a check for $260,000 from an account he controlled in the name of Rxchange to a company controlled by Mahammad Salemi, to partially finance the purchase of Wholesalers Group, Inc. in Puerto Rico.

5. On or about October 17, 2013, defendant **Stephen Manuel Costa** wire-transferred $100,000 from Rxchange to Wholesalers Group, Inc., as part of the purchase price of Wholesaler's Group, Inc.

6. From in or about January 2015, through in or about October 2015, defendant **Stephen Manuel Costa** provided an apartment he controlled at 5700 Southwest 60th Street in

Miami, Florida to Frank Alvarez and Kadir Diaz to use to process bottles of diverted medicines.

7. In or about January 2016, defendant **Stephen Manuel Costa** instructed Jorge Paiz to wire money to him to pay for a house **Costa** was buying.

8. On or about January 14, 2016, Jorge Paiz wire transferred approximately $384,000, obtained from sales of diverted drugs by Drogueria Las Rosas, to the seller of a house located at 7441 Southwest 125th Avenue in Miami, Florida to finance the purchase of the house by defendant **Stephen Manuel Costa**.

9. In or about the early part of 2016, David Garcia, Sr. advised Joshua Joles and others at LLC Wholesale Supply LLC that Wholesalers Group, Inc. should not be sending medicines with Miami-origin shipping labels on the boxes when Wholesaler's Group, Inc. was located in Redmond, Washington.

10. In or about June 2016, in Miami, Florida, defendant **Stephen Manuel Costa** introduced Frank Alvarez to a person who would supply Alvarez with diverted pharmaceuticals.

11. On or about May 16, 2017, defendant **Stephen Manuel Costa** received approximately $11,167, obtained through sales of diverted drugs, from Mohammad Salemi.

12. On or about July 1, 2017, defendant **Stephen Manuel Costa** received approximately $8,342, obtained through sales of diverted drugs, from Mohammad Salemi.

13. On or about July 3, 2017, defendant **Stephen Manuel Costa** received $18,992, obtained through sales of diverted drugs, from Mohammad Salemi.

14. On or about December 28, 2018, David Garcia, Sr. sent an email to Josh Joles, advising him of defective bottles of medicine that needed to be returned and mistakes in the invoices for several shipments of medicines.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conspiracy to Traffic in Medical Products with False Documentation
### 18 U.S.C. § 670

From an unknown date at least as early as in or around January, 2013, and continuing until on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN MANUEL COSTA and
DAVID RAMIREZ GARCIA, Sr.,**

knowingly and willfully agreed, conspired, and combined with Leah Solomon, Joshua Ryan Joles, Mohammad Mehdi Salemi, Jorge Isaac Paiz, Kadir Diaz, Carlos Robin Gonzalez and with others known and unknown to the Grand Jury to knowingly and falsely make and alter the labeling and documentation of pre-retail medical products, and to knowingly possess, transport, and traffic in pre-retail medical products involving false and altered labeling and documentation, in and using a means and facility of interstate commerce, in violation of Title 18, United States Code, Section 670(a)(2) and (3); all in violation of Title 18, United States Code, Section 670(a)(6).

It is further alleged, pursuant to Title 18, United States Code, Section 670(c)(2) that the value of the pre-retail medical products was $5,000 or greater.

## COUNT 3
### Conspiracy to Commit Money Laundering
### 18 U.S.C. § 1956(h)

From an unknown date at least as early as in or around January 2013, and continuing until May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN MANUEL COSTA,
LEAH SOLOMON,
RAFAEL ANGEL ROMERO,
RUBEN REYNALDO RODRIGUEZ DIAZ, and
ANGEL CAMINERO ALVAREZ,**

6

knowingly and voluntarily combined, conspired, and agreed with each other and with Joshua Ryan Joles, Mohammad Mehdi Salemi, Leonides Herrera, Frank Alvarez, Kadir Diaz, Jorge Isaac Paiz, Carlos Robin Gonzalez, and Adrian Cambara Ortiz and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, that is:

(a) to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions involved the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, U.S.C. Section 1956(a)(1)(A);

(b) to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions involved the proceeds of some form of unlawful activity, knowing that the financial transactions were designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18 U.S.C. Section 1956(a)(1)(B)(i), and

(c) to knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000, which was derived from specified unlawful activity within the United States, in violation of Title 18, United States Code, Section 1957(a).

It is further alleged that the specified unlawful activity was mail fraud and wire fraud, in violation of Title 18 U.S.C. Sections 1341 and 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 4
## Money Laundering
## 18 U.S.C. § 1956(a)(1)(B)(i)

On or about July 3, 2017, in Miami-Dade County, in the Southern District of Florida, the defendant,

**STEPHEN MANUEL COSTA,**

knowing that the property involved represented the proceeds of some form of unlawful activity, conducted a financial transaction involving the proceeds of specified unlawful activity, that is, the wire transfer of approximately $18,992 from account number XXX642 held at Citibank by Mohammad Salemi to Discover credit card account number XXX104 held by **Stephen Costa**, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, source, ownership, or control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is mail fraud and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343.

## COUNTS 5-~~10~~ 8
## Mail Fraud
## 18 U.S.C. § 1341

From an unknown date at least as early as in or around January 2013, and continuing until on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**STEPHEN MANUEL COSTA,**

knowingly and with intent to defraud, devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false

8

and fraudulent when made, for the purpose of executing such scheme and artifice, knowingly delivered and caused to be delivered any matter and thing to be sent and delivered by commercial interstate carrier, according to the directions thereon, and received such things therefrom.

## PURPOSE OF THE SCHEME

The purpose of the scheme to defraud was for the defendant and his accomplices to unlawfully enrich themselves by selling misbranded, adulterated, and otherwise diverted drugs as if they were part of the legitimate pharmaceutical market.

## THE SCHEME TO DEFRAUD

As part of the scheme, the defendant assisted and arranged for his accomplices to obtain and sell pharmaceuticals as if they had been obtained and kept through legitimate methods of purchase, storage, transport, and sale of prescription pharmaceuticals, and had been provided directly by the manufacturers, when in fact they were diverted drugs bought from patients who had received them at discounted prices through Medicare and Medicaid, and obtained from health care fraud, cargo theft, and pharmacy burglaries. Such drugs may have been stored under improper conditions, and some were not what the labels represented them to be.

In order to effectuate their scheme, the defendant assisted and arranged for his accomplices to sell drugs with altered labels, and prepared and caused the preparation of pedigrees for such sales which were completely fabricated and false, providing false information to ultimate innocent purchasers about the nature and integrity of the drugs, their sources, and their transaction histories, in order to be able to sell them at normal market prices. In order to further disguise their origin, the drugs were shipped from Florida to Arizona with false and fraudulent information on the shipping records provided to the interstate carrier, misidentifying the address of the shipper.

By paying for such diverted drugs at extremely low prices and marketing them to pharmacy

purchasers below the normal prices for legitimate drugs, the defendants were able to generate very large profits, at the cost of jeopardizing the health of patients who unknowingly bought the diverted drugs.

## USE OF COMMERCIAL INTERSTATE CARRIER

On or about the dates specified in each count below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, the defendant knowingly caused the following shipments, among others, to be made by interstate carrier according to the directions thereon, as more particularly described below:

| Count | Approximate Shipment Date | Shipment Details | Shipped By | Shipped From | Shipped To |
|---|---|---|---|---|---|
| 5 | 03/03/2017 | One box | FedEx | "Wholesalers Group US" in Miami, FL | "LLC Wholesale Supply" in Tempe, AZ |
| 6 | 11/09/2017 | One box | FedEx | "Wholesalers Group US" in Miami, FL | "LLC Wholesale Supply" in Tempe, AZ |
| 7 | 05/29/2018 | Four boxes | FedEx | "Mohammad Salemi" in Miami, FL | "Wholesalers Group US" in Bellevue, WA |
| 8 | 04/09/2019 | Four boxes | FedEx | "MDS" in Miami, FL | "Wholesalers Group US" in Bellevue, WA |

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATIONS
(18 U.S.C. § 982(a)(1))
(18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in this Second Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **STEPHEN MANUEL COSTA, LEAH SOLOMON, DAVID GARCIA, SR., RUBEN REYNALDO**

10

**RODRIGUEZ DIAZ, RAFAEL ANGEL ROMERO,** and **ANGEL CAMINERO ALVAREZ,** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Second Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. Upon conviction of a violation of Title 18, United States Code, Section 1341, as alleged in this Second Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. The property subject to forfeiture as a result of the alleged offense[s] includes, but is not limited to, the following:

    a. Net proceeds of the sale of real property located at 1801 162nd Avenue Northeast, Bellevue, Washington 98008;

    b. Real property located at 7441 SW 125th Avenue, Miami, Florida 33183;

    c. All funds formerly on deposit in account number 8100004795944 at Space Coast Credit Union in the name of C. Pro Distributors Corp;

    d. The following bank accounts at Bank of America:

        i. account number 138118424806 in the name of ABA-BROKERS LLC; and

        ii. account number 138124068094 in the name of Leah Solomon.

    e. $10,000.00 in U.S currency seized from **RUBEN REINALDO RODRIGUEZ DIAZ** on June 23, 2020.

5. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

_____
WALTER M. NORKIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>STEPHEN MANUEL COSTA, et al.<br>_____Defendants/ | CASE NO. __19-20674-CR-GAYLES(s)(s)__<br><br>**CERTIFICATE OF TRIAL ATTORNEY***<br>**Superseding Case Information:** |

**Court Division:** (Select One)
☑ Miami   ☐ Key West   ☐ FTL
☐ WPB     ☐ FTP

New defendant(s)   ☑ Yes   ☐ No
Number of new defendants ___5___
Total number of counts ___10___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days       ☐
   II   6 to 10 days      ☑
   III  11 to 20 days     ☐
   IV   21 to 60 days     ☐
   V    61 days and over  ☐

   (Check only one)
   Petty         ☐
   Minor         ☐
   Misdemeanor   ☐
   Felony        ☐

6. Has this case previously been filed in this District Court? (Yes or No) **Yes**
   If yes: Judge __Darrin P. Gayles__   Case No. __19-20674-CR-GAYLES__
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Frank H. Tamen
Assistant United States Attorney
FLA Bar No.    216289

*Penalty Sheet(s) attached                                         REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  STEPHEN MANUEL COSTA

**Case No:**  19-20674-CR-GAYLE(s)(s)

Count #: 1

Conspiracy to Deal in Misbranded Drugs

Title 18, United States Code, Section 371

**\*Max. Penalty:**  Five Years' Imprisonment

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

**\*Max. Penalty:**  Fifteen Years' Imprisonment

Count #: 3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**  Twenty Years' Imprisonment

Count #: 4

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\*Max. Penalty:**  Twenty Years' Imprisonment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** STEPHEN MANUEL COSTA

**Case No:** 19-20674-CR-GAYLE(s)(s)

Count #: 5-8

Mail Fraud

Title 18, United States Code, Section 1341

**\*Max. Penalty:** Twenty Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  **LEAH SOLOMON**

Case No:  19-20674-CR-GAYLE(s)(s)

Count #: 3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

*Max. Penalty: Twenty Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   DAVID RAMIREZ GARCIA, SR.

**Case No:**   19-20674-CR-GAYLE(s)(s)

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

**\*Max. Penalty:**  Twenty Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** RAFAEL ANGEL ROMERO

**Case No:** 19-20674-CR-GAYLE(s)(s)

Count #: 3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** Twenty Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __RUBEN RODRIGUEZ DIAZ__

Case No: __19-20674-CR-GAYLE(s)(s)__

Count #: 3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

*Max. Penalty: Twenty Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.