UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20674-CR-GAYLES(s)(s)

UNITED STATES OF AMERICA

vs.

**DAVID GARCIA, SR.,**

        **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and the defendant, David Garcia, Sr., ("Garcia") hereby stipulate and agree to the following facts, which serve as the factual basis for Garcia's guilty plea to Count 2 of the Second Superseding Indictment.:

1. During the time period charged in the Second Superseding Indictment, Garcia was the warehouse manager for LLC Wholesale Supply LLC in Tempe, Arizona (hereinafter "LLC"), a pharmaceutical wholesale supply company run by Joshua Joles and others. Garcia's job included taking in shipments, examining them, and keeping track of inventory received and inventory shipped. LLC purported to buy pharmaceutical prescription products from licensed suppliers and re-sell the prescription products to retail outlets and pharmacies.

2. In actuality, if this case were to proceed to trial, the government would prove that LLC's business involved the illegal purchase and sale of prescription pharmaceuticals, primarily drugs for treatment of HIV, cancer, and psychiatric illnesses. The medicines were "diverted," namely bought from patients to whom they are prescribed but who forgo their use and instead choose to sell them, or are obtained through fraud or theft. The diverted drugs were then

aggregated, cleaned, packaged, and re-sold, with fraudulent documentation purporting them to have been supplied directly from manufacturers or from legitimate pharmaceutical wholesalers. Part of the scheme involved the creation of false "pedigrees", which are documents that are legally required to show the origin and all sales and transfers of prescription pharmaceuticals.

3. Emails obtained during the government's investigations showed Garcia communicating with others at LLC and often noting that the pedigrees were erroneous as compared to the bottles of pills received at the warehouse. Garcia also alerted others at LLC about pill bottles that needed to be returned to the suppliers because they had some other deficiency, such as the tamper seal being broken, glue being on the bottles (presumably from patient labels that were removed), or other signs of diversion.

4. Garcia also noted – and alerted others at LLC – that boxes of pharmaceuticals he received at the warehouse, purportedly sold to LLC by Wholesalers Group LLC ("WGI"), which was located in Redmond, Washington, and was operated by Mohammad Salemi, had shipping labels that showed the boxes coming from Miami, Florida, where WGI had no presence. Garcia alerted others at LLC of this discrepancy and thereafter Joles required Salemi to ship all the pharmaceuticals sold by WGI from Washington State.

5. From these and other incidents at LLC, as well as interactions Garcia had with other persons at LLC, Garcia became aware that he was assisting in an unlawful pharmaceutical diversion scheme. Garcia persisted in his employment with LLC despite that knowledge.

| | |
|---|---|
| *[signature]* | *[signature]* |
| DAVID GARCIA, SR. | FRANK H. TAMEN |
| DEFENDANT | ASSISTANT U.S. ATTORNEY |
| *[signature]* | July 23, 2021 |
| MARIO S. CANO | DATE |
| DEFENSE COUNSEL | |