UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20674- CR- GAYLES (s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

LLC WHOLESALE SUPPLY LLC,

Defendant.
_____/



COURT EXHIBIT
CASE NO. 19-20674-CR-GAYLES
EXHIBIT NO. A

## PLEA AGREEMENT

The United States of America and LLC Wholesale Supply LLC, a limited liability company (hereinafter referred to as the "defendant"), enter into the following agreement:

1. LLC Wholesale Supply LLC is an Arizona limited liability company having its headquarters in Tempe, Arizona.

2. The defendant agrees to plead guilty to Counts 2 and 3 of the Fourth Superseding Indictment, which charges the company ~~with conspiracy to traffic in medical products with false documentation, in violation of Title 18, United States Code, Section 670(c)(2), and~~ with money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h). 

3. The defendant agrees to provide the United States with a notarized resolution from its sole manager and sole member, certifying that the company is authorized to enter into and to comply with all the provisions of this Plea Agreement. The defendant shall also provide a notarized resolution certifying that its attorney, J. Cabou, is its designated representative and is authorized to sign this Plea Agreement and the accompanying Factual Proffer; verifying that the Factual Proffer is a true and accurate statement of the activities of the company and its officers

and employees relating to the company's offense conduct, and is authorized to enter the guilty plea on behalf of the company.

4. The defendant understands and acknowledges that the court may impose a maximum fine of up to $250,000 for Count 2 and $250,000 or twice the amount of the money laundered, whichever is greater, for Count 3. The court may also impose such additional sanctions as probation with special conditions and restitution, as set forth in Chapter 8 of the Sentencing Guidelines. The parties will jointly recommend that the court find that the offense conduct involved approximately $98 million worth of diverted pharmaceuticals sales and a matching amount of laundered money.

5. The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed. The defendant agrees that the special assessment shall be paid at the time of sentencing.

6. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and its background. Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant stipulate that the defendant company has been essentially out of business for more than two years prior to the signing of this agreement, and that its conviction in this case will effectively terminate its existence. The defendant agrees to be formally dissolved after all the terms of this agreement have been completed. The parties additionally stipulate that the defendant has no remaining financial resources or earnings

potential, and will jointly recommend that the court make such a finding in connection with sentencing, and impose no fine. However, the United States has separately agreed with two individuals who were effectively members of the defendant through other corporate forms (referred to for simplicity as "shareholders") during the time period of the offense, which agreement is attached herein as Exhibit 1, that they will transfer to the defendant sufficient funds to make a partial payment of the forfeiture money judgement described and agreed to below, and which the defendant agrees to pay at the time of sentencing. That payment will be $860,000.

8. The defendant agrees to forfeit to the United States, voluntarily and immediately, its right, title, and interest to any property, real or personal, involved the offense in violation of 18 U.S.C. § 1956 to which it is pleading guilty, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to: a forfeiture money judgment in the sum of $98,000,000 in U.S. currency, which sum represents the value of the property subject to forfeiture.

9. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

10. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or

3

control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

12. The defendant is aware that its sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that it

may receive, whether that estimate comes from its attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court. The defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands that it may not withdraw its guilty plea even if the court declines to accept any motions or recommendation made on its behalf.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10-20-2022        By: _____
                             FRANK H. TAMEN
                             ASSISTANT UNITED STATES ATTORNEY

Date: 10/20/22          By: _____
                             JAY CABOU
                             ATTORNEY FOR DEFENDANT AND
                             AUTHORIZED COMPANY REPRESENTATIVE

# EXHIBIT 1



**U.S. Department of Justice**

United States Attorney
Southern District of Florida

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9100 - Telephone*
*(305) 530-6444 - Facsimile*

September 21, 2022

| | | |
|---|---|---|
| Lee Stein, Esq.<br>MITCHELL \| STEIN \|<br>CAREY \| CHAPMAN, PC<br>2600 North Central Ave.,<br>Suite 1000<br>Phoenix, AZ  85004 | Dennis K. Burke, Esq.<br>601 W. Palmaire Ave.<br>Phoenix , AZ 85021 | J. Cabou, Esq.<br>Perkins Coie LLP<br>2901 N. Central Ave.<br>Suite 2000<br>Phoenix, AZ 85012-2788 |

Re:   <u>Clarence "Bill" Mulligan, Ross Murphy and LLC Wholesale Supply LLC</u>

Dear Messrs. Stein, Burke and Cabou:

The United States Attorney's Office for the Southern District of Florida (the "Office"), Clarence "Bill" Mulligan, and Ross Murphy, and LLC Wholesale Supply LLC ("LLC"), pursuant to authority granted by LLC's managing member to J. Cabou, Esq., enter into this Non-Prosecution Agreement ("NPA") of Mr. Mulligan and Mr. Murphy (collectively, the "Shareholders"). On the understandings specified below, the Office will not bring any criminal, civil, or regulatory case against the Shareholders for any of the conduct described in the Factual Proffer that accompanies the Plea Agreement between LLC and this Office in criminal case <u>United States v. LLC Wholesale Supply LLC</u>, 19-20674-CR-GAYLES(s)(s)(s)(s), nor any statements made by the Shareholders to this Office pursuant to a <u>Kastigar</u> agreement. To the extent there is conduct by the Shareholders that is not related to the facts and circumstances set forth in the Factual Proffer or statements made by the Shareholders that are not covered by a <u>Kastigar</u> agreement, such conduct and statements will not be exempt from prosecution and are not within the scope of or relevant to this NPA. LLC, pursuant to authority granted by the Company's managing member, also agrees to certain terms and obligations of the NPA as described below.

The Office enters into this NPA based on the individual facts and circumstances presented by this case. LLC admits, accepts, and acknowledges that LLC is responsible under United States law for the acts of its officers, directors, employees, and agents as set forth in the Factual Proffer. LLC and the Shareholders admit, accept and acknowledge that at a trial, the Government could

1

1.6.2017v

prove the facts described in the Factual Proffer beyond a reasonable doubt and LLC and the Shareholders agree not to deny or otherwise challenge the facts described in the Factual Proffer if a trial were to occur. The Shareholders, however, do not agree that they have engaged in any violation of the law or that the conduct described in the Factual Proffer constitutes a violation of the law on the part of the Shareholders. LLC and the Shareholders expressly agree that they shall not, through present or future attorneys, officers, directors, employees, agents or any other person authorized to speak for LLC and the Shareholders make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by LLC and the Shareholders set forth above or the facts described in the Factual Proffer. LLC and the Shareholders agree that if they, or any of their representatives, direct or indirect subsidiaries or affiliates issue a press release or hold any press conference in connection with this NPA, they shall first consult the Office to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the Office and LLC and the Shareholders; and (b) whether the Office has any objection to the release.

The Shareholders' obligations to satisfy the financial payments and, in the case of Mr. Mulligan, the relinquishment of his law license under this NPA shall be completed within the term of this calendar year, that is, by December 31, 2022 (the "Term"). The Shareholders agree, however, that, in the event the Office determines, in its sole discretion, that the Shareholders have knowingly violated any provision of this NPA or failed to completely perform or fulfill each of the obligations under this NPA during the Term, the Office shall have the full authority to pursue any criminal charges or other remedies available to the Office as discussed in more detail below. Partial satisfaction of the obligations of the NPA by the Shareholders will not excuse a violation and will not preclude the Office from pursuing any criminal charges or other remedies available to the Office. Similarly, a breach by one Shareholder shall be considered a breach by both Shareholders and the Office, in its sole discretion, shall have the full authority to pursue any criminal charges or other remedies available to the Office against both Shareholders.

If, during the Term, LLC or the Shareholders (a) commit any felony under U.S. federal law; (b) provide in connection with this NPA deliberately false, incomplete, or misleading information in their interactions with this Office; or (c) otherwise fail to completely perform or fulfill each of the obligations under the NPA, regardless of whether the Office becomes aware of such a breach after the Term is complete, LLC and the Shareholders shall thereafter be subject to prosecution for any federal criminal violation of which the Office has knowledge, which may be pursued by the Office in the U.S. District Court for the Southern District of Florida or any other appropriate venue. Determination of whether LLC or the Shareholders have breached the NPA and whether to pursue prosecution of or other remedy shall be in the Office's sole discretion. Any such prosecution may be premised on information provided by LLC or its personnel, including the Shareholders, and may include the conduct described in the Factual Proffer or relating to conduct known to the Office prior to the date on which this NPA was signed. Any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this NPA may be commenced against the Shareholders, notwithstanding the expiration of the statute of limitations between the signing of this NPA and the expiration of the Term. Thus, by signing this NPA, the Shareholders agree that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this NPA shall be tolled for the Term. However, on the date of the completion of the Term, it is agreed that the statute of limitations similarly expires for any conduct that occurred prior

to the date of the signing of this NPA. The Shareholders agree that the statute of limitations as to any violation of United States law that occurs during the Term, namely for conduct that occurred after the date of the signing of this NPA, will be tolled from the date upon which the violation occurs until the earlier of the date upon which the Office is made aware of the violation or the duration of the Term plus five years, and that this period shall be excluded from any calculation of time for purposes of the application of the statute of limitations.

In the event the Office determines that either of the Shareholders have breached this NPA, the Office agrees to provide both Shareholders with written notice (which may be accomplished by email to the Shareholder's legal representative) of such breach prior to instituting any prosecution resulting from such breach. Within fourteen days of receipt of such notice, the violating Shareholder shall have the opportunity to respond to the Office in writing to explain the nature and circumstances of such breach, as well as the actions they have taken to address and remediate the situation, which explanation the Office shall consider in determining whether to pursue prosecution of the Shareholders.

In the event that the Office determines that either of the Shareholders have breached this NPA: (a) all statements made by or on behalf of the LLC or the Shareholder to the Office (including any statements made pursuant to a <u>Kastigar</u> agreement) or to the Court, including the Factual Proffer and any statement made by LLC, whether prior or subsequent to this NPA, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Office against LLC and the Shareholders; and (b) the Shareholders shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements or testimony made by or on behalf of the LLC or the Shareholders prior or subsequent to this NPA, or any leads derived therefrom, should be suppressed or are otherwise inadmissible.

This NPA does not apply to, bind or restrict any other United States Attorney's Office, Department of Justice component, or federal department or agency. This NPA does not provide any protection against prosecution for any future conduct by LLC or the Shareholders or any of their present or former parents or subsidiaries. In addition, this NPA does not provide any protection against prosecution of any individuals other than the Shareholders, regardless of their affiliation with LLC or any of its present or former parents or subsidiaries.

It is further understood that LLC, the Shareholders and the Office may disclose this NPA, including Attachment A, to the public.

This NPA and Attachment A set forth all the terms of the agreement between the Shareholders and the Office. No amendments, modifications or additions to this NPA shall be valid unless they are in writing and signed by the Office, the attorneys for the Shareholders, and a duly authorized representative of LLC.

Sincerely,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10-20-22    By: _____
FRANK H. TAMEN
ASSISTANT U.S. ATTORNEY

Date: 10.20.22    By: _____
WALTER M. NORKIN
ASSISTANT U.S. ATTORNEY

Date: 10/19/22    By: _____
J. CABOU, ESQ.
PERKINS COIE LLP
ATTORNEY AND AUTHORIZED
CORPORATE REPRESENTATIVE
FOR LLC WHOLESALE SUPPLY LLC

Date: 10/19/22    By: _____
CLARENCE "BILL" MULLIGAN
SHAREHOLDER OF LLC

Date: 10/19/22    By: _____
ROSS MURPHY
SHAREHOLDER OF LLC

4

## ATTACHMENT A

## **PENALTIES AND SCHEDULE OF PAYMENTS**

The following Penalties and Schedule of Payments is incorporated by reference as part of the non-prosecution agreement (the "NPA") between the United States Attorney's Office, Southern District of Florida (the "Office"), Clarence "Bill" Mulligan, and Ross Murphy, and LLC Wholesale Supply LLC ("LLC"), pursuant to authority granted by LLC's managing member to J. Cabou, Esq.

1. Forfeiture of $860,000.00

Mr. Mulligan and Mr. Murphy jointly agree to pay a total amount of $860,000.00 in U.S. currency (the "Forfeiture Amount") from their personal accounts in partial satisfaction of the forfeiture money judgment referenced in the Plea Agreement in criminal case U.S. v. LLC Wholesale Supply LLC, 19-20674-CR-GAYLES(s)(s)(s)(s). Mr. Mulligan and Mr. Murphy agree that they are jointly liable for the Forfeiture Amount. Within 60 days of signing this agreement, Mr. Mulligan and Mr. Murphy will deposit the Forfeiture Amount into an escrow account. The escrow agent will have authority to transfer the Forfeiture Amount to the Office, pursuant to payment instructions provide by the Office in its sole discretion, no later than five business days after receipt of payment instructions provided by the Office.

LLC, Mr. Mulligan and Mr. Murphy agree to sign any additional documents necessary to complete administrative or civil forfeiture of the funds.

LLC, Mr. Mulligan and Mr. Murphy acknowledge that no tax deduction may be sought in connection with the payment of any part of this penalty. LLC, Mr. Mulligan and Mr. Murphy shall not seek or accept directly or indirectly reimbursement or indemnification from any source with regard to the penalty amount that Mr. Mulligan and Mr. Murphy pay pursuant to this NPA or any other agreement entered into with an enforcement authority or regulator concerning the facts set

forth in Factual Proffer.

The Office agrees that full payment of the Forfeiture Amount will extinguish the government's claim as to any personal financial liability of Mr. Mulligan and Mr. Murphy related to the forfeiture money judgment referenced in the Plea Agreement in criminal case U.S. v. LLC Wholesale Supply LLC, 19-20674-CR-GAYLES(s)(s)(s)(s) and specifically, upon the full payment of the Forfeiture Amount, Mr. Mulligan and Mr. Murphy will not be liable for the remainder of the money judgment imposed against LLC.

2. Relinquishment of Law License by Mr. Mulligan

No later than December 31, 2022, Mr. Mulligan agrees to surrender his law license and be barred from ever again applying to practice law or be a member of a state bar.

3. Cessation of Involvement in Any Industry Regulated by the U.S. Food and Drug Administration

Mr. Mulligan and Mr. Murphy agree to never again be corporate officers or shareholders above five percent in any company regulated by the U.S. Food and Drug Administration.

ACKNOWLEDGED AND AGREED TO BY:

Date: 10/19.22   By: _____
J. CABOU, ESQ.
PERKINS COIE LLP
ATTORNEY AND AUTHORIZED
CORPORATE REPRESENTATIVE
FOR LLC WHOLESALE SUPPLY LLC

Date: 10/19/22   By: _____
CLARENCE "BILL" MULLIGAN
SHAREHOLDER OF LLC

Date: 10/19/22   By: _____
ROSS MURPHY
SHAREHOLDER OF LLC

6