UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20674-CR-GAYLES

UNITED STATES OF AMERICA

v.

LAZARO ROBERTO HERNANDEZ,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and LAZARO ROBERTO HERNANDEZ (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 2 and 3 of the indictment, which counts charge him with conspiracy to traffic in adulterated and mis-branded medical products and with money laundering conspiracy, in violation of Title 18, United States Code, Sections 670 and 1956(h).

2. The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing. The defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").

3. The defendant understands that the court will determine his advisory sentence range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court's Probation Office after his guilty plea has been entered. The defendant further understands that the court is required to consider the Sentencing Guidelines advisory range, but is

not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 15 years for Count 2 and 20 years for Count 3, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 for Count 2 and twice the amount laundered for Count 3.

5. The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed. The defendant agrees that the special assessment shall be paid at the time of sentencing.

6. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background. Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant jointly agree to recommend that the defendant be held accountable for offense conduct involving approximately $78 million worth of adulterated and misbranded pharmaceutical drugs, for the purpose of sentencing guidelines computations

under Guidelines Section 2B1.1. The United States agrees that it will not recommend any role adjustment in the defendant's guideline computations. The parties also jointly recommend that in addition to the base offense level and the adjustment for the loss amount, the only other applicable Guidelines adjustments are as follows: +4 under §2B1.1(b)(8(B), the offense conduct involved violation of 18 USC §670 and the defendant was an agent of an organization in the supply chain for the pre-retail medical product, and +2 under §2S1.1(b)(B(2), the defendant was convicted under 18 USC §1956. The United States further agrees to recommend that the sentence imposed in this case run concurrently to the sentence to be imposed in Case No. 22-60129-CR-SINGHAL.

8.  The United States agrees that this guilty plea resolves all criminal charges that could have been brought against the defendant for conduct known to the United States during the time span covered by the allegations in the indictment.

9.  The United States agrees to recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's affirmative and timely acceptance of personal responsibility for his offense. If the defendant's guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b). The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. However, the United States will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense,

violating any term of release, or making false statements or misrepresentations to any government entity or official.

9. The defendant agrees to forfeit to the United States, voluntarily and immediately his right, title, and interest to any property, real or personal, involved in the offense in violation of 18 U.S.C. § 1956 to which he is pleading guilty, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to: a forfeiture money judgment in the sum of approximately $78 million, which sum represents the value of the property subject to forfeiture.

10. The defendant understands that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a. submit a financial statement to this Office upon request, within 14 days;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or devalue any such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

13. The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility under to Sentencing Guideline § 3E1.1.

14. The defendant understands that if he is not United States citizen, his conviction for this offense may result in his probable or mandatory removal or deportation from the United States at the expiration of his term of imprisonment. Removal and deportation proceedings are entirely

separate matters from this case, and neither the court nor counsel for either party can be certain of the effect on the defendant's immigration status of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty even if this results in his automatic removal and exclusion from the United States.

15. The defendant is aware that his sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court. The defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands that he may not withdraw his guilty plea even if the court declines to accept any motions or recommendation made on his behalf.

16. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 12-16-22   By: _____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

Date: 12/16/22   By: _____
MICHAEL DAVIS
ATTORNEY FOR DEFENDANT

Date: 2-16-22   By: _____
LAZARO ROBERTO HERNANDEZ
DEFENDANT

6