UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>19-20674-CR-GAYLES (s)(s)(s)(s)(s)</u>

**UNITED STATES OF AMERICA**

vs.

**BORIS ARENCIBIA,**

    **Defendant.**

    _____/

<u>**GOVERNMENT'S RESPONSE TO DEFENDANT ARENCIBIA'S**</u>
<u>**MOTION TO RE-OPEN DETENTION HEARING**</u>

Defendant Boris Arencibia has filed a motion to re-open the hearing which resulted in Magistrate Judge Louis issuing an order for pre-trial detention. The position of the United States is that the defendant has not offered anything sufficient to change the results of the hearing. Moreover, a recent development strengthens the reasons for detaining him.

Part of the Government's basis for showing he is a risk of flight was his involvement in a music festival conducted in Cuba in 2023. The defendant now alleges that his only involvement in the music festival was to allow two performing artists under contract to him to perform there. He claims that the festival was actually organized by a Spanish corporation named "Blank Canvas," owned and run by Santiago Agudelo Quiros ("Agudelo"). He has provided an affidavit by Agudelo to that effect. He further asserts that the technical organization of the festival and its

marketing was done by a Cuban company, Soluciones Integrales QBA ("Soluciones"). The owner of that corporation stated that it was hired for that job by Black (sic) Canvas Hospitality. Soluciones was also contracted to hire additional local and international performers. An affidavit attached to the defendant's motion from Hector Diaz Yanez ("Yanez") states that he is the president of Soluciones and that he contacted the defendant to obtain his agreement for three of the artists he represented to participate. He asserts that the defendant had nothing to do with organizing the festival, nor was he paid any money by Soluciones.

The affidavits appended to the defendant's own motion raise serious doubts about the validity of these claims. The affidavit of Agudelo states that Blank Canvas was formed in Spain on August 4, 2023. The concert itself began on August 17, 2023. Social media videos portray the festival as a major event, with huge crowds of thousands of people, a stage built out over the area, stage lighting, and a massive sound system. It defies imagination that a corporation with a single majority shareholder could contract for performing artists, have the stage built and the lighting and sound system set up with trained operating crews, publicity generated to arouse sales, thousands of tickets sold, hotel rooms made available through package deals, and a local Cuban company sub-contracted to obtain certain performers under contract to the defendant, as well as other local and international performers – in a time span of two weeks, and all in a poverty-stricken country under

major United States economic and trade restrictions.

It also would be a very unusual situation for someone who is a contracted manager for performing artists to allow them to travel and give performances in a foreign country – without receiving compensation. The fact that performers under contract to the defendant appeared and performed at this massive show demonstrates involvement by the defendant.

Additional facts give reason to doubt the assertions about how this festival was organized. Blank Canvas, as far as can be determined from the United States, has only one employee. It has no webpage, and is not on any social media such as Instagram, Tik-Tok, X (Twitter) or elsewhere. It would be a strange and notable accomplishment for a company having no internet or social media presence to successfully organize a music festival attended by thousands of people for three days. Similarly, Soluciones, which supposedly handled the promotion for the festival, has no internet presence or digital footprint.

Another reason why the re-hearing should not change this court's decision is that the defendant's evidence, with its deficiencies as described above, only goes to one part of the basis for the detention order. The uncontradicted testimony of Homeland Security Investigations Special Agent Andrew Escobedo showed that the defendant was able to leave the United States and to return, without leaving any record of his international travel in any official U.S. Government data bases.

Evidence at the hearing also showed that he is a permanent resident of Mexico. Special Agent Escobedo testified that the defendant's unreported trip to Mexico was not authorized, and jeopardized his legal status in the United States as a Cuban refugee. If he was willing to take such a chance of jeopardizing his status for no known reason, he would certainly be willing to do it to avoid a prison sentence. The fact that he is a permanent resident of Mexico means he would not even need to relocate to Cuba if he decided to flee the United States.

Lastly, a recent development makes it clear that this defendant cannot be trusted to be released on bond. On March 8, 2024, FDC officers confiscated a cellphone from him. It was concealed under the mattress of the bunk he was sleeping in. A copy of a Bureau of Prisons report of the seizure is attached. Possession of a cellphone by a prison inmate is a criminal offense, in violation of 18 U.S.C. §1791.

Case law illustrates the potentially serious danger such possession entails: "The risks presented when inmates possess cell phones and cell phone chargers are patent. For example, … 'a cellphone is something that is a threat to the security of any institution … someone with a cellphone could notify someone on the outside when they're travelling … they could intimidate witnesses . . . .'" United States v. Blake, 288 Fed.Appx. 791, 794-5 (3rd Cir. 2008), *non-published*. The Blake opinion describes publicly reported instances of inmates using cellphones to "[run] a drug ring from prison," and "to run gangs operating outside of prison, to put hits out on

4

people, to organize drug smuggling operations." Blake concludes "That cellphones can, and have been, used for various dangerous and unlawful purposes in the prison context is, thus, quite clear" id.

A defendant who cannot be trusted to obey the law even when being detained in jail surely cannot be trusted to obey the law if released, with manifest opportunities available to him to permanently evade justice. The court's initial determination to detain the defendant should remain in place.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s Frank H. Tamen
FRANK H. TAMEN
Assistant United States Attorney
Florida Bar No. 0261289
99 NE 4th Street, Ste. 700
Miami, Florida 33132
Tel: (305) 961-9022
Fax: (305) 536-7213
Frank.Tamen@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ Frank H. Tamen
Frank H. Tamen
Assistant United States Attorney

| BP-A0288 | **INCIDENT REPORT** | | |
|---|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | | |

### Part I - Incident Report

| 1. Institution: **MIAMI FDC** | | Incident Report Number: **3905789** | |
|---|---|---|---|
| 2. Inmate's Name **ARENCIBIA, BORIS** | 3. Register Number **60626-004** | 4. Date of Incident **03-08-2024** | 5. Time **0615 hrs** |
| 6. Place of Incident **DELTA-WEST CELL D07-018** | 7. Assignment **SHU UNA** | 8. Unit **4 DETC M** | |
| 9. Incident **108 -- POSSESSING A HAZARDOUS TOOL.** | | 10. Prohibited Act Code(s) **108** | |

11. Description Of Incident
    (Date: **03-08-2024**   Time: **0615 hrs**   staff became aware of incident)

**On March 8, 2024, at approximately 6:15 A.M. I conducted a cell search in Delta West cell D07-018 where inmates Arencibia, Boris Reg. No. 60626-004 and inmate Gonzalez, Oswaldo Reg. No. 07764-506 were assigned too. While conducting the cell search, I discovered a black Nokia flip phone inside of the foam bottom bunk mattress. Upon Further Inspection of the phone, it was discovered it was a Trac phone wireless Nokia Flip Phone model number N139DL.**

| 12. Typed Name/Signature of Reporting Employee **J Durant** | | 13. Date And Time **03-08-2024 1200 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) | | 15. Date Report Delivered | 16. Time Report Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                         Replaces BP-S288.052

BP-A0971  
AUG 11  
**U.S. DEPARTMENT OF JUSTICE**

CHAIN OF CUSTODY LOG CDFRM

**FEDERAL BUREAU OF PRISONS**

ECN # MIM-24-0072

ITEM # MIM-24-00072

(Enclose with/attach to evidence)

CASE ID NUMBER: _____  SUSPECT (If known) ARENCIBIA, BORIS #60626-004

DESCRIPTION OF ITEM: Tracfone wireless Nokia flip phone.

DATE/TIME ITEM FOUND: 03/08/2024  6:15 A.M.

LOCATION: DELTA-WEST HOUSING UNIT Cell D07-018

SIGNATURE OF PERSON RECOVERING EVIDENCE: _[signature]_

PRINTED NAME: J. Durant

**EVIDENCE PLACED IN OVERNIGHT DROP BOX:**

DROP-BOX BY:(printed name) _____

Date & Time: _____

Witness:(printed name) _____

**EVIDENCE RECOVERED FROM OVERNIGHT DROP BOX BY:**

(printed name) _____

Date & Time: _____

Witness:(printed name) _____

**EVIDENCE PLACED EVIDENCE SAFE BY:**

(printed name) L.RODRIGUEZ

Date & Time: 03/08/2024  8:54 A.M.

Witness:(printed name) K.FORDE

**DISPOSITION:**

( ) Hold as evidence          ( ) Return to owner             ( ) Lab Analysis  
( ) Return to finder          ( ) Destroy immediately         (✓) FBI  
( ) Other

REMARKS (condition of evidence):  
Additional A.I.C GONZALEZ, OSWALDO #07764-506.

**********************************************************************

**CHAIN OF CUSTODY**

| EVIDENCE RELEASED BY: | DATE/TIME: | DESTINATION: | EVIDENCE RELEASED TO: |
|---|---|---|---|
| L.RODRIGUEZ _[signature]_ | 3/13/2024 | 2030 SW 145 AVE MIRAMAR FL 33027 | FBI AGENT MATTHEW LANTHORN |
| M. Lathrop _[signature]_ | 3/15/24 | FBI Miami | received 3/15/2024 _[signature]_ |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PDF                                   Prescribed by P5510

# Tamen, Frank (USAFLS)

| | |
|---|---|
| **From:** | Sealey, Norris (BOP) |
| **Sent:** | Friday, March 22, 2024 11:40 AM |
| **To:** | Tamen, Frank (USAFLS) |
| **Subject:** | Cell phone recovery |

Mr. Tamen, the cellphone was discovered on the bottom bunk inside cell D07-018. Inmate Arencibia was the inmate sleeping on the bottom bunk at the time per SIS tech whom seized the cellphone.

1