UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cr-20674-DPG

UNITED STATES OF AMERICA

v.

BORIS ARENCIBIA,

    Defendant.

_____ /

**ORDER ON DEFENDANT'S MOTION FOR CONDITIONS OF RELEASE**

Pursuant to 18 U.S.C. § 3142(f)(2), the Court reopened the detention hearing, which was conducted on May 14, 2024 and continued to May 23, 2024, to determine whether Defendant Boris Arencibia ("Defendant") should remain detained before and until the conclusion of trial. The Court had previously found that Defendant posed a serious risk of flight and that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required and ordered that he be detained. (ECF No. 892). After granting Defendant's Motion to Reopen the detention hearing,[1] Defendant moved under 18 U.S.C. § 3142(f)(2) for the Court to impose conditions of release. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that, while Defendant presented new evidence, the Court's conclusion remains that Defendant should remain in detention pending trial because he poses a serious risk of flight and no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

---

[1] At the hearing on May 14, 2024, the undersigned granted Defendant's Motion to Reopen the Detention Hearing because Defendant demonstrated that the testimony from Hector Diaz was information that was not known to him at the time of the original detention hearing, at least with regards to the materiality of his testimony, and is material on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance as required. (ECF No. 930). Indeed, the Government did not oppose Defendant's request to reopen the evidence in this matter.

1

**I.      BACKGROUND**

Defendant is charged by Indictment with conspiracy to deliver misbranded and adulterated drugs, in violation of 18 U.S.C. § 371; conspiracy to traffic in medical products with false documentation, in violation 18 U.S.C. § 670; and conspiracy to commit money laundering, in violation 18 U.S.C. § 1956(h).

The Government moved for pretrial detention of Defendant based on his significant ties to Cuba and the Cuban government, and Defendant's stated intention to flee to Cuba in the event he was ever prosecuted.[2]

The undersigned found that it was the unique circumstances supporting Defendant's ties to Cuba that led to the conclusion that a bond would not sufficiently assure Defendant's appearance before the Court as required.  The Government presented evidence that Defendant has significant political ties to Cuba, including with Raul Castro's grandson; evidence that was unrebutted at that posture.  It was uncontested that Defendant financially benefited from music festivals that occurred in Cuba last summer, and the undersigned found the circumstances of Defendant's ability to conduct business within Cuba supported the Government's evidence that Defendant had strong ties to Cuba, including with its government.  Moreover, it was unrebutted that Defendant was able to cross the United States' borders without any records of his travel in the United States' systems, evidencing Defendant's willingness and ability to disobey the law for international travel. Ultimately, the undersigned found that the Government met its burden, by a preponderance of the evidence, that Defendant presented a serious risk of nonappearance for which no combination of conditions reasonably assure his appearance in court as required.

---

[2] The Government additionally presented evidence of a serious risk that Defendant will threaten, intimidate, or injure a prospective witness in this case if released on bond.  The undersigned found that the Government failed to meet its burden to present clear and convincing evidence.

Defendant moves to set conditions of release based on testimony from Hector Diaz ("Diaz") that Defendant asserts demonstrates that Defendant did not financially benefit from the music festivals held in Cuba, but rather, had a minimal role in the festival.

At the hearing on May 14, 2024, Diaz testified that he is a citizen of Cuba and has been a resident of the United States since 2016. Diaz testified that he owns a business in the United States named PMM that was founded in 2013, conducts technological productions, and brings Cuban artists to the United States. Diaz testified that he has a company in Cuba named Soluciones Integrales QBA that has been in business since 2021 and organizes large musical festivals and provides technological support for those events. Diaz testified that he personally has been involved in organizing music festivals for approximately 40 years.

Diaz testified that he has permission and/or a license from the Cuban government to conduct music festivals in Cuba. Diaz testified that, before August of 2023, Defendant has never been involved with organizing any festival in any capacity with Diaz. For the Santa Maria Music Festival in Cuba that occurred in August of 2023 (the "Festival"), Diaz testified that Defendant did not organize that Festival. Diaz testified that Defendant's participation in the Festival was limited to facilitating the appearance of some of the artists he represents. Diaz testified that, though some of Defendant's artists participated in the Festival, Defendant was not paid for his participation and had no further involvement in the Festival.

Diaz testified that "Black Canvas" was responsible for promoting and selling tickets for the Festival. Diaz testified that Black Canvas then hired him to organize and conduct it. Diaz testified that Black Canvas has paid him in part for his services, but Diaz has not paid Defendant for his services in connection with the Festival.

3

Diaz testified that his company rents the space where the music festivals are conducted and that his company takes care of the cover charge and price of the food. Diaz testified that he pays a percentage of interest to the Cuban government for conducting any events. Diaz testified that the profits from music festivals held in Cuba come from ticket sales. Diaz testified that the Cuban government has no influence or control over what his company does in Cuba, and that the entities he rents the space from for conducting the festivals are responsible for seeking permission to stage the events from the Cuban government.

Diaz testified that he had seen the video Defendant posted on social media where Defendant takes credit for organizing the Festival. Diaz testified that, despite Defendant's statements, Defendant only provided the artists for the Festival and is taking credit for something he did not do.

## II.  DISCUSSION

The policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant." *United States v. Price*, 773 F.2d 1526, 1527 (11th Cir. 1985) (per curiam). When the Government seeks to detain a criminal defendant pending trial under 18 U.S.C. § 3142(f)(2)(A), it must first prove that the case involves a serious risk that the defendant will flee, and then must separately prove, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985); *United States v. Runsdorf*, No. 22-8015-WM, 2022 WL 303548, at *4 (S.D. Fla. Jan. 24, 2022); 18 U.S.C. § 3142(f)(2)(A).

> Under 18 U.S.C. § 3142(f)(2), a detention hearing may be reopened,
>
> before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at

> the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

Accordingly, "on a reconsideration motion, Defendant is required to establish that (1) information exists that was not known to [him] at the time of the initial detention hearing and (2) that such information has a material bearing on the issue of whether there are conditions of release that will reasonably assure [his] appearance in court as required." *United States v. Haynes*, No. 19-cr-80045, 2019 WL 5538300, at *1 (S.D. Fla. Oct. 28, 2019); *United States v. Diaz Guillen*, No. 18-CR-80160, 2022 WL 4119741, at *3 (S.D. Fla. Sept. 9, 2022); *United States v. Ramos*, No. 14-80052-CR, 2014 WL 1515264, at *2 (S.D. Fla. Apr. 7, 2014); *United States v. Gallo*, No. 12-20630-CR, 2014 WL 1230717, at *3 (S.D. Fla. Mar. 25, 2014).

Defendant argues that, contrary to the record at the pretrial detention hearing, Defendant's only connection to the music festivals in Cuba is through his representation of his clients. In support of this contention, Defendant presented Diaz, whose company handled the technical production, marketing, and hiring of local and international talent, to provide testimony regarding Defendant's involvement in the festivals. Diaz testified that Defendant's role was limited to his representation of certain artists, and he was not paid for his participation. Defendant asserts that, with this new evidence, the Government did not present sufficient evidence that Defendant will not appear in this action if released.

Assuming without finding that Diaz's testimony is all accurate, he provided additional context and complexity into the industry but did not remove the connection between Defendant and Cuba or call his significant ties into doubt. It is undisputed that Defendant had a close enough relationship to the Festival that artists gave Defendant credit for the Festival, Defendant gave himself credit for the Festival, and Defendant's wife and child attended it in person.

The insistence that the undersigned's Detention Order is predicated on a finding that Defendant's ties to the Cuban government are evidenced by his pecuniary benefit from the Festival is misplaced. None of the facts relating to Defendant's connection to Cuba were considered in isolation. Rather, the Court noted that a concerning fact included the uncontested nature of Defendant's ability to financially benefit from the music festivals organized in Cuba.

Indeed, there were several facts, evidenced by the Government, regarding Defendant's ties to Cuba and the Cuban Government apart and separate from any possible pecuniary gain from the Festival, including Defendant's ability to leave the United States without any notation from the United States Government. Documentary evidence was admitted that demonstrated Defendant had twice left and returned to the United States without any records of his travel in the United States' systems. Though Defendant was able to demonstrate he had permission to travel for one of those trips, it is still undisputed Defendant was able to travel undetected to and from Cuba and that one of the trips was undertaken without permission. The surreptitious nature of the travel supports the finding that Defendant presents a serious risk of flight.

This case is unique because of the number of unusual circumstances which viewed collectively demonstrate strong ties to Cuba, which are very significant and ongoing, notwithstanding the new evidence that may call into question the extent to which Defendant financially benefited from the Festival. The additional information about Defendant's sanitized financial relationship with the Festival does not alter the undersigned's prior finding that Defendant presents a serious risk of nonappearance for which no condition or combination of conditions reasonably assure his appearance in court as required

After considering all the evidence presented at the detention hearings, the arguments made in the Parties' briefing, and the factors listed in 18 U.S.C. § 3142(g), the Court again finds that the

6

Government has shown that Defendant poses a serious risk of flight and no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.[3]

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to impose conditions of release is **DENIED**.

**DONE AND ORDERED** in open court at Miami, Florida, this 23rd day of May, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Pretrial Services (Miami)
Counsel of Record

---

[3] The undersigned's conclusion is based solely on Defendant's presentation of new evidence, and does not rely on any proffered evidence of a cellphone found in Defendant's cell nor on the Government's proffer of the testimony of its witnesses.